**In re Carolyn BROWN, Debtor.**

**Bankruptcy No. BK88–09488.**

United States Bankruptcy Court,
N.D. Alabama, W.D.

March 1, 1989.

See also 128 B.R. 820.

Phillip Lisenby, Tuscaloosa, Ala., for debtor Carolyn Brown.

Jane K. Dishuck, Tuscaloosa, Ala., Standing Trustee.

Donna Smalley, Tuscaloosa, Ala., for Colortyme, Inc.

## MEMORANDUM OF DECISION

GEORGE S. WRIGHT, Chief Judge.

The above-styled case came before the Court on the Creditor's [hereinafter Colortyme] Statement of Claim and Motion to Terminate Section 362 Stay and Objection to Confirmation. The Motion To Terminate Stay and Objection to Confirmation was heard at the Confirmation Hearing on November 3, 1988.

This Court ruled in the Confirmation Order that the agreement entered into between the creditor and debtor was a disguised credit sale and not a "true lease". This Court also reserved, under paragraph 7 of the Confirmation Order, jurisdiction to make additional findings of fact and conclusions of law in the event of an appeal[1]. An appeal having been taken by the creditor, this Court now exercises its retained jurisdiction and makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

1. The confirmation order dated November 3, 1988 provided: "(7) The Court reserves jurisdiction to make additional findings of fact and conclusions of law in the event of an appeal."

2. Appendix A is a copy of the agreement entered into by Colortyme and the debtor.

3. The rental agreement stated that the debtor agreed to keep the merchandise in his/her pos-

## FINDINGS OF FACT

The debtor entered into an agreement with Colortyme whereby Colortyme was to deliver to her home a Whirlpool washer that the debtor could retain as long as monthly payments of $51.00 or weekly payments of $14.00 were tendered to Colortyme. The agreement by the debtor and Colortyme was set out in a pre-printed document, supplied by Colortyme, styled "Rental Agreement". The Rental Agreement[2] disclosed whether the merchandise was new or used; the amount and timing of payments to be made by the debtor; charges other than rental payments; the total number of rental payments and the total amount required to be paid in order to acquire ownership of the merchandise; that the debtor was not the owner of the merchandise until the remittance of all required payments, and that liability for loss or damage of the merchandise is to be borne by the debtor. The rental period was established as either 75 weeks or 17 months.

Additional provisions in the Rental Agreement dealt with termination of the agreement, renewal of the agreement, and ownership by the debtor upon renewal and remittance of the 75th week or 17th month payment. These various provisions are important to the overall effect of the agreement and are discussed in more detail as follows:

a) *Termination:* The debtor had the option of terminating the agreement at any time by surrendering the merchandise to Colortyme and paying any then due rental payments. The debtor would be charged no penalty for termination. Colortyme had the option of terminating the agreement only upon the debtor's failure to make a rental payment or upon the debtor's undertaking to dispose[3] of the merchandise.

session at the residence listed on the rental agreement and that the merchandise would not be removed from the residence without the prior approval of Colortyme. The rental agreement further provided that the lessee had no right to sell, mortgage, pawn, pledge, encumber, or otherwise dispose of the merchandise.

b) *Renewal:* The debtor could renew the agreement by simply remitting successive rental payments.

c) *Ownership by the Debtor:* The debtor could obtain ownership of the merchandise by renewing the agreement for 75 successive weeks or 17 successive months. No additional consideration was due Colortyme at the end of the 75th week or 17th month in order for the debtor to become the owner of the merchandise.

d) *Taxes:* Although the pre-printed agreement used by Colortyme contains a provision for sales tax, that particular provision was scratched out or blackened through in the agreement with Carolyn Brown. There is no indication that such taxes were charged to the debtor in the case at bar.

This Court must now decide whether the Rental Agreement is a "true lease" or a "disguised credit sale".

### CONCLUSIONS OF LAW

*Applicability of Alabama Code Section 7–1–201(37)*

■ This Court has on numerous occasions [4] addressed the true lease v. disguised credit sale question. On each occasion, the Court has determined that rental agreements of the type in the case at bar are disguised credit sales and not true leases. Each of the prior decisions by this Court have consistently held that Alabama Code Section 7–1–201(37) is dispositive of the issue. This Court's decision in *In re Betty Jean Graham,* BK85–3532 (Bkrtcy.N.D. Ala. May 2nd 1986, supplemented by May 16th, 1986 Additional Findings of Fact and Conclusions of Law) was based upon the applicability of Alabama Code Section 7–1–201(37) and was subsequently affirmed on appeal by District Judge James H. Hancock.[5] Following the prior reasoning of this Court and the affirmance by Judge Hancock, it remains the opinion of this Court that rental agreements of the type present in the case at bar are controlled by Alabama Code Section 7–1–201(37).

*Applicability of Alabama Code Section 8–25–1 et seq.*

■ Colortyme asserts that Alabama Code Section 8–25–1 et seq. is controlling since the Rental Agreement in question conforms to the requirements set out in Section 8–25–2 and thereby renders the Uniform Commercial Code inapplicable. Such contention is without merit.

Alabama Code Section 8–25–1 et seq. is commonly referred to as the Rental–Purchase Agreements Act and was adopted by the Alabama legislature in 1986. Section 8–25–1 et seq. is a *disclosure* statute. Its purpose is to regulate the disclosure of pertinent information to the consumer. It does not exclusively regulate rental-purchase agreements nor does it bar application of the Uniform Commercial Code via Alabama Code Section 7–1–201(37). For further arguments and reasoning surrounding the applicability and interplay of Sections 8–25–1 et seq. and 7–1–201(37) see this Court's opinion in the consolidated cases of *In re Burton,* 88–00888, *Norwood,* 88–02452, *Ward,* 88–02672, *Washington,* 86–09928, *Woods,* 88–01782, 128 B.R. 820.

This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

---

**4.** *In re Central Foundry Co.,* 48 B.R. 895 (Bkrtcy. N.D.Ala.1985); *In re Betty Jean Graham,* (Bkrtcy.N.D.Ala. May 2nd, 1986, supplemented by May 16th Additional Findings of Fact and Conclusions of Law, *aff'd,* CV86–H–1055–W

Sept. 11th, 1986; *In re Burton,* 128 B.R. 807 (Bkrtcy.N.D.Ala.1989).

**5.** *In re Betty Jean Graham,* CV86–H–1055–W (Unpublished) Sept. 11th, 1986.

## APPENDIX

**COLORTYME**
TV • Stereo • Audio • Appliances

E 014218

THIS COLORTYME FRANCHISE OWNED AND OPERATED BY.

5-26-88

1 LESSOR
NAME **THE NEW COMPANY INC.**
ADDRESS **2600 MCFARLAND BLVD.**
CITY **TUSCALOOSA** STATE **AL**
ZIP **35405** PHONE **345-6000**

2 LESSEE
NAME **HARRIS, PARTRICIA**
**BROWN, CAROLYN**
ADDRESS **529A BRANSCOMB APTS.**
CITY **TUSCALOOSA** STATE **AL**
ZIP **35401** PHONE **759-1566**

CODE **50**

THE ABOVE RENTAL TERM BEGINS
ON **5-26- 88** 19

THE RENTAL PAYMENT IS DUE IN ADVANCE. RENEWAL PAYMENTS, IF ANY, ARE DUE ON OR BEFORE THE LAST DAY OF THE TERM.

Assigned To
Colortyme

NO CASH REFUNDS

NO CHECKS ACCEPTED

3 DESCRIPTION OF LEASED PROPERTY
QUANTITY **1** TYPE **WASHER** BRAND **WHIRLPOOL**
MODEL **LA5700** SERIAL NO. **08219** CONDITION ( ) NEW **XX** ) USED

4. RENTAL PAYMENT AND TERM

| | ( XX ) ONE MONTH | ( ) BI-MONTHLY | ( ) ONE WEEK |
|---|---|---|---|
| THE TERM OF THIS LEASE IS | | | |
| RENTAL RATE | $ | $ | $ |
| | $ | $ | $ |
| TOTAL RENTAL PAYMENT | $ 51.00 | $ | $ 14.00 |
| WAIVER FEE ☐ | $ 4.00 | $ 2.00 | $ 1.00 |
| IN-HOME COLLECTION FEE | $ 6.00 | REINSTATEMENT FEE | 3.00 |
| | $ | 75 weeks / 17 months | |

### THIS IS A RENTAL AGREEMENT ONLY

THE UNDERSIGNED HEREIN CALLED "LESSEE", WHETHER ONE OR MORE, DOES JOINTLY AND SEVERALLY HEREBY RENT FROM THE LESSOR, HEREIN CALLED "OWNER", THE ABOVE DESCRIBED PERSONAL PROPERTY, HEREIN CALLED "PROPERTY" AT THE RENTAL RATE SET FORTH ABOVE, PAYABLE IN ADVANCE FOR THE RENTAL TERM BEGINNING ON THE COMMENCEMENT DATE STATED ABOVE, EXCEPT AS STATED BELOW

TITLE AND TERM: TITLE TO THE PROPERTY REMAINS AT ALL TIMES IN THE OWNER THE LESSEE RECEIVES THE USE AND POSSESSION OF THE PROPERTY DESCRIBED IN ITEM 3 ABOVE FOR THE RENTAL TERM INDICATED IN ITEM 4 ABOVE SO LONG AS THE LESSEE PAYS THE RENTAL PAYMENT AND COMPLIES FULLY WITH ALL AGREEMENTS AND CONDITIONS IN THIS LEASE IF THE LESSEE DESIRES TO USE THE PROPERTY PRIOR TO THE COMMENCEMENT DATE, HE/SHE MAY RENT THE PROPERTY FOR SUCH INTERIM PERIOD AT THE DAILY RENTAL RATE ALSO IF THE LESSEE RETAINS POSSESSION OF THE PROPERTY BEYOND ANY TERM THEN HE/SHE SHALL BE LIABLE FOR RENTAL PAYMENTS AT THE DAILY RENTAL RATE FOR EACH DAY THAT HE/SHE RETAINS POSSESSION OF THE PROPERTY UNTIL THE PROPERTY IS RETURNED TO THE OWNER OR THE LESSEE RENEWS FOR AN ADDITIONAL TERM THE LESSEE HAS NO RIGHT TO SELL, MORTGAGE, PAWN, PLEDGE, ENCUMBER, OR OTHERWISE DISPOSE OF SAID PROPERTY.

LESSEE'S RIGHT TO TERMINATE: THE LESSEE, AT HIS OR HER OPTION MAY AT ANY TIME TERMINATE THIS AGREEMENT WITHOUT FURTHER OBLIGATION OR PENALTY, BY SURRENDER OF THE PROPERTY TO THE OWNER IN ITS PRESENT CONDITION FAIR WEAR AND TEAR EXCEPTED, AND BY PAYMENT OF ALL RENTAL PAYMENTS DUE THROUGH THE DATE OF RETURN

LESSEE'S RIGHT TO RENEW: THE LESSEE AT HIS OR HER OPTION MAY RENEW THIS AGREEMENT FOR AN ADDITIONAL TERM AT THE CONCLUSION OF THE RENTAL TERM BY THE PAYMENT TO THE OWNER OF THE RENTAL PAYMENT, ON OR BEFORE THE LAST DAY OF THE RENTAL TERM

OWNER'S RIGHT TO TERMINATE: THIS AGREEMENT SHALL AT THE OPTION OF THE OWNER TERMINATE UPON THE FAILURE OF THE LESSEE TO MAKE A RENEWAL RENTAL PAYMENT BY THE LAST DAY OF THE TERM OR BY BREACH BY THE LESSEE OF ANY AGREEMENT CONDITION OR REPRESENTATION. ALL OF WHICH ARE AGREED TO BE MATERIAL.

LOCATION OF PROPERTY: LESSEE WARRANTS AND AGREES THAT HE/SHE WILL KEEP SAID PROPERTY IN HIS/HER POSSESSION AT THE RESIDENCE ADDRESS ABOVE AND WILL NOT REMOVE SAID PERSONAL PROPERTY FROM SAID ADDRESS WITHOUT AN AGREEMENT IN WRITING EXECUTED BY THE OWNER IF LESSEE MOVES SAID PROPERTY WITHOUT SECURING PRIOR AGREEMENT IN WRITING FROM OWNER THIS AGREEMENT SHALL BE THEREBY BREACHED GIVING THE OWNER THE RIGHT TO IMMEDIATE POSSESSION OF THE PROPERTY AND LESSEE MAY BE SUBJECT TO PROSECUTION UNDER APPLICABLE STATE LAW

INSURANCE AND DAMAGES: THE LESSEE IS FULLY RESPONSIBLE FOR THE LOSS, THEFT OR DESTRUCTION OF THE RENTAL PROPERTY FROM ALL CAUSES WHATSOEVER AND IN THE EVENT OF SUCH LOSS, THEFT OR DESTRUCTION THIS AGREEMENT SHALL TERMINATE AND THE LESSEE AGREES TO PAY TO THE OWNER THE FAIR MARKET VALUE OF THE PROPERTY AT THE TIME OF SAID LOSS THEFT OR DESTRUCTION IN THE EVENT OF PARTIAL DAMAGE OR DESTRUCTION FROM ANY CAUSE WHATEVER THE LESSEE AGREES TO PAY TO THE OWNER A REASONABLE COST OF REPAIR TO SAID PROPERTY THE OWNER DOES NOT PROVIDE FOR ANY INSURANCE ON THE RENTAL PROPERTY.

MAINTENANCE AND TAXES: FOR THE TERM OF THIS AGREEMENT AND ANY RENEWAL THEREOF THE OWNER AGREES TO MAINTAIN THE LEASED PROPERTY IN GOOD WORKING ORDER AND ANY AND ALL MAINTENANCE OR REPAIRS TO THE PROPERTY OR THE OWNER RENTED HEREUNDER MUST BE PERFORMED BY THE OWNER AND THE OWNER WILL NOT BE RESPONSIBLE FOR COSTS OF ANY REPAIRS DONE AT THE REQUEST OF THE LESSEE BY OTHERS THE OWNER SHALL PAY ANY PERSONAL PROPERTY TAXES ON SAID PROPERTY THE OWNER'S OBLIGATION TO MAINTAIN THE RENTED PROPERTY SHALL CONTINUE FOR THE RENTAL TERM INDICATED ABOVE AND ANY RENEWALS THEREOF.

ASSIGNMENT: THIS AGREEMENT MAY BE SOLD TRANSFERRED AND ASSIGNED BY THE OWNER WITHOUT RESTRICTION. THE LESSEE HAS NO RIGHT TO ASSIGN, SUBLEASE, OR TRANSFER HIS RIGHTS WITHOUT THE WRITTEN CONSENT OF THE OWNER

WAIVER FEE: BY INITIALING HERE _____ I HEREBY ELECT TO PAY A FEE IN THE AMOUNT OF $1 PER WEEK OR $4 PER MONTH SEE DAMAGE RESPONSIBILITY PROVISION ON BACK

IN-HOME COLLECTION FEE: SHOULD THE OWNER SEND A PERSON TO THE LESSEE'S RESIDENCE TO COLLECT ANY RENEWAL RENTAL PAYMENT, THE LESSEE WILL BE CHARGED AN EXTRA $ **6.00** FOR THAT SERVICE

OWNER'S RIGHT TO PROPERTY: THE OWNER AND ITS AGENTS UPON THE TERMINATION OF THE RENTED PROPERTY ARE SPECIFICALLY AUTHORIZED TO TAKE POSSESSION OF THE RENTED PROPERTY THE LESSEE AGREES TO INDEMNIFY THE OWNER AND ITS AGENTS FOR ALL COSTS EXPENSES AND DAMAGES INCLUDING REASONABLE ATTORNEY'S FEES OCCURRING DIRECTLY OR INDIRECTLY FROM OR RELATED TO THE TAKING POSSESSION OF SAID PROPERTY CAUSED BY THE FAILURE OF THE LESSEE TO VOLUNTARILY SURRENDER THE PROPERTY

REINSTATEMENT: LESSEE MAY WITH OWNER'S CONSENT REINSTATE THIS AGREEMENT BY PAYMENT OF A $ **3.00** REINSTATEMENT CHARGE. ALL UNPAID RENTAL CHARGES AND COLLECTION EXPENSES THROUGH THE DATE OF THE REINSTATEMENT.

OPTION TO OWN: THE OWNER WILL TRANSFER OWNERSHIP OF THE PROPERTY RENTED TO YOU IF YOU, AT YOUR SOLE ELECTION, RENEW THIS LEASE FOR **75** SUCCESSIVE WEEKLY LEASE TERMS OR FOR **n/a** SUCCESSIVE TWO WEEK LEASE TERMS OR FOR **17** SUCCESSIVE MONTHLY LEASE TERMS THIS IS A RENTAL AGREEMENT ONLY THIS LEASE IS FOR WEEK-TO-WEEK TWO-WEEK-TO-TWO-WEEK OR MONTH TO-MONTH RENTAL OF THE PROPERTY ONLY YOU WILL NOT ACQUIRE ANY EQUITY IN THE PROPERTY BY MAKING RENTAL PAYMENTS YOU HAVE NOT AGREED TO PURCHASE THIS PROPERTY BUT YOU MAY ACQUIRE OWNERSHIP IN THE FUTURE IF YOU MEET THE CONDITIONS OF THIS OPTION IF YOU WANT TO PURCHASE THIS OR SIMILAR PROPERTY NOW, YOU MAY BE ABLE TO GET CASH OR CREDIT TERMS FROM OTHER SOURCES WHICH WILL RESULT IN LOWER TOTAL COSTS THAN THE RENTAL PAYMENTS THAT WE REQUIRE

### OWNERSHIP OPTION DISCLOSURES

THE FOLLOWING DISCLOSURES ARE BEING MADE BY THE OWNER TO ASSIST YOU IN UNDERSTANDING THE OWNERSHIP OPTION AVAILABLE TO YOU.

1. YOU WILL MAKE WEEKLY PAYMENTS OF $ **14.00** OR PAYMENTS EVERY TWO WEEKS OF $ **n/a** OR MONTHLY PAYMENTS OF $ **51.00**

2. IN ORDER TO OWN THE PROPERTY, YOU WILL MAKE **75** WEEKLY PAYMENTS OR **n/a** PAYMENTS EVERY TWO WEEKS OR **17** MONTHLY PAYMENTS WHICH WILL TOTAL $ **1050.00** UNLESS YOU MAKE ALL OF THESE PAYMENTS YOU WILL NOT OWN THE PROPERTY IN THE EVENT THAT YOU CHOOSE TO CHANGE AT ANY TIME FROM A WEEKLY TO MONTHLY TERM OR VICE VERSA YOUR TOTAL OF PAYMENTS TO OWN THE PROPERTY WILL BE LESS THAN THE TOTAL OF WEEKLY PAYMENTS REQUIRED TO ACQUIRE TITLE TO THE PROPERTY BUT MORE THAN THE TOTAL OF MONTHLY PAYMENTS TO ACQUIRE TITLE TO THE PROPERTY

3. WHILE RENTING YOU ACQUIRE NO EQUITY INTEREST IN THE PROPERTY YOU WILL NOT OWN THE PROPERTY UNLESS YOU CHOOSE TO RENEW FOR THE TOTAL NUMBER OF WEEKLY OR MONTHLY PAYMENTS INDICATED

4. THIS PROPERTY IS _____ NEW *****  USED

5. THE TOTAL OF PAYMENTS NECESSARY TO ACQUIRE OWNERSHIP DOES NOT INCLUDE OTHER CHARGES SUCH AS IN HOME COLLECTION FEES SEE ITEM 4 ABOVE FOR INFORMATION ABOUT THESE CHARGES

6. YOU ARE RESPONSIBLE FOR THE FAIR MARKET VALUE OF THE PROPERTY IF IT IS LOST, STOLEN DAMAGED OR DESTROYED

I HAVE READ AND UNDERSTAND THE PROVISIONS OF THIS DISCLOSURE AND ALL OWNERSHIP OPTIONS

LESSEE _____ DATE _____    X _____ DATE _____
LESSEE

### TIME IS OF THE ESSENCE OF THIS AGREEMENT

and agree to relinquish said property ... immediately upon the filing of any bankruptcy petition

PARTIES HERETO THIS RENTAL AGREEMENT MAY BE MODIFIED VARIED ALTERED OR EXTENDED ... IN WRITING EXECUTED BY THE OWNER LESSEE ACKNOWLEDGES RECEIPT OF THE PROPERTY ... I UNDERSTAND THE ABOVE RENTAL AGREEMENT

X _____
LESSEE

WITNESS _____    LESSEE _____

**ORIGINAL**

COLORTYME

RENTAL AGREEMENT

E 014218

DATE 5-26-88

THIS COLORTYME FRANCHISE OWNED AND OPERATED BY:

**LESSOR**
NAME THE NEW COMPANY INC.
ADDRESS 2600 MCFARLAND BLVD.
CITY TUSCALOOSA STATE AL
35405 PHONE 345-6000

**2. LESSEE**
NAME HARRIS, PARTRICIA
NAME BROWN, CAROLYN
ADDRESS 529A BRANSCOMB APTS.
CITY TUSCALOOSA STATE AL
ZIP 35401 PHONE 759-1566

CODE 5008219

ABOVE RENTAL TERM BEGINS
5-26- 88

THE RENTAL PAYMENT IS DUE IN ADVANCE. RENEWAL PAYMENTS ANY. ARE DUE ON OR BEFORE THE LAST DAY OF THE TERM.

Assigned To
[ ] CASH REFUNDS
Financial, Inc.
[ ] CHECKS ACCEPTED

**3. DESCRIPTION OF LEASED PROPERTY**
QUANTITY 1 TYPE WASHER BRAND WHIRLPOOL
MODEL LA5700 SERIAL NO. 08219 CONDITION ( ) NEW XX ) USED

**4. RENTAL PAYMENT AND TERM**

| | ONE MONTH | BI-MONTHLY | ONE WEEK |
|---|---|---|---|
| THE TERM OF THIS LEASE IS | XX | ( ) | ( ) |
| RENTAL RATE | $ | $ | $ |
| | $ | $ | $ |
| TOTAL RENTAL PAYMENT | $ 51.00 | $ | $ 14.00 |
| WAIVER FEE [ ] | $ 4.00 | $ 2.00 | 1.00 |
| IN-HOME COLLECTION FEE | $ 6.00 | REINSTATEMENT FEE | $ 3.00 |
| | 75 weeks / 17 months. | | |

| CODE | DATE PAID | RECEIPT NO. | INCOME | | | | | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| | | | RENT | | COLLECTION CHARGES | | TOTAL PAID | |
| 1 | 5-26 | 8896 | 41 | 60 | (Promo) | | 41 | 60 | 5-26 |
| 2 | 7-16 | 1446 | 51 | 00 | | | 51 | 00 | 7-26 |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | | | | | | | | | |
| 26 | | | | | | | | | |