**In re Wilford MORRIS, Marinda Morris, Debtors.**

**Bankruptcy No. 92–44932–399.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 28, 1992.

101 B.R. 934 (Bankr.S.D.Ohio 1989); *In re Haas,* 76 B.R. 114 (Bankr.S.D.Ohio 1987); and *In re Sellers,* 33 B.R. 854 (Bankr.D.Colo.1983).

Jay R. Burns, St. Louis, MO, for D.L. Cole and Associates, Inc.

Terri Weik, St. Louis, MO, for debtors.

John V. LaBarge, Jr., Kirkwood, MO, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Chief Judge.

### INTRODUCTION

The issue before the Court in this objection to plan confirmation is whether a "rent-to-own" contract is a true lease or a conditional sales contract. Resolving this question brings into conflict the applicability of two Missouri statutes: (1) section 400.1–201(37) of Missouri's Commercial Code and (2) section 407.661(6) of Missouri's Rental Purchase Agreement Law. The creditor asserts that § 407.661(6) of Missouri's Rental Purchase Agreement Law governs and that the contract is a true lease. If the contract represents an unexpired lease, the debtor must either assume or reject the lease as an executory contract pursuant to § 1322(b)(7). The Debtors, however, insist that Missouri's Commercial Code governs the transaction and that the contract is a conditional sales agreement under which the Creditor retains a security interest. If the contract represents a security agreement, the Debtors' plan must propose to pay the creditor the present value

of its collateral and treat the balance of the claim as an unsecured obligation under § 506(a) of the Bankruptcy Code.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(B) and § 157(b)(2)(L).

### FACTS

Wilford and Marinda Morris, husband and wife (hereinafter "the Debtors") filed a joint petition for relief under Chapter 13 of the U.S. Bankruptcy Code 11 U.S.C. §§ 1301–1330. Debtors scheduled National Rent-to-Own (hereinafter "National") as a secured creditor and filed a proof of claim on National's behalf. In the proof of claim, Debtors stated that National's collateral had a present value of zero, leaving National with an unsecured claim of $1,155.50. D.L. Cole & Associates, Inc., a Missouri corporation doing business as National Rent-to-Own, filed an objection to confirmation of Debtors' Chapter 13 plan asserting that Debtors' plan mischaracterizes Debtors as "owners" rather than as "renters" of certain property acquired by Debtors under National's rental purchase agreement.

National asserts that its rental purchase agreement is a true lease and insists that the Debtors are merely lessees of the property. Accordingly, National maintains that Debtors must accept the lease and continue making regular lease payments if they wish to retain the property. In support of its position, National directs the Court to Missouri's Rental Purchase Agreement Law, Mo.Rev.Stat. §§ 407.660—407.665 (Supp.1991) which both defines rental purchase agreements and specifies that they are not to be construed as, nor governed by the security interest provisions of subdivision (37) of Mo.Rev.Stat. § 400.1–201. Thus, National maintains Debtors have no

ownership interest in the property and may not treat National's claim as bifurcated into secured and unsecured obligations.

Debtors, conversely, believe they have an ownership interest and cite the Court to Mo.Rev.Stat. § 400.1–201(37)(b) (1986 & Supp.1991). Debtors insist that their right to automatically acquire ownership of the property upon completion of all payments under the agreement makes the transaction a conditional sale with National merely retaining a security interest in the merchandise pursuant to § 400.1–201(37)(b).

*The Agreement*

The language of the rental purchase agreement is particularly instructive in determining whether the agreement reflects a purchase or lease transaction. Under the contract Debtors were to make weekly payments of $22.15 for a period of 52 weeks. At the end of the 52 week period, if all lease payments were made, Debtors were to acquire ownership of the property. The lease ran for terms of one week and was renewable at the Debtors' option by making each weekly lease payment in advance. Debtors could terminate the lease at any time by ceasing payments and returning the property. The agreement also provided Debtors with the option of purchasing the property at any time by paying one and one half times the remaining cash value of the merchandise. Debtors carried all risk of loss or damage during the term of the lease although ordinary maintenance was the responsibility of National. Finally, the agreement explicitly provided that it was a lease agreement and not intended to convey any ownership interests until completion of all 52 lease payments. In its most relevant part, the agreement read as follows:

> THIS IS A LEASE AGREEMENT ONLY: This lease is for week to week possession of the property only. You will not acquire any equity in the property by making lease payments.... YOU ACQUIRE NO OWNERSHIP RIGHTS IN THE PROPERTY UNTIL ALL PAYMENTS ARE MADE UNDER THE OWNERSHIP TERMS OF THIS AGREEMENT.

## DISCUSSION

■ Generally, the existence, nature and extent of a security interest in property is governed by state law. *In re Powers,* 138 B.R. 916, 917 (C.D.Ill.1992) *citing, Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Whether a lease is one intended as security is determined under Missouri law by Mo.Rev.Stat. § 400.1–201(37) which states in part:

> Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and **(b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration .or for a nominal consideration *does* make the lease one intended for security.**

Mo.Rev.Stat. § 400.1–201(37) (1986 & Supp. 1991) (emphasis added). Debtors insist that because they shall become the owners of the property upon completion of all lease payments, the transaction is, in fact, a conditional sale and the lease is one intended as security under subsection (b) of § 400.1–201(37).

■ The Eighth Circuit, applying Missouri law, has stated that the existence of an **absolute obligation** by the lessee to purchase rental property is the touchstone in determining whether a security interest was intended. *Carlson v. Tandy Computer Leasing,* 803 F.2d 391, 396 (8th Cir.1986) *citing, RCA Corp. v. State Tax Commission,* 513 S.W.2d 313, 316 (Mo.1974). In *RCA Corp.,* the Missouri Supreme Court explained:

> ...˙ if the transferee is obligated and bound to pay the purchase price it is a conditional sale, but if the agreement requires or permits the transferee to return the property in lieu of paying the purchase price the instrument will be a lease. In a conditional sale 'the purchaser undertakes an absolute obligation to pay for the property.' *Globe Securities Co. v. Gardner Motor Co.,* 337 Mo. 177,

85 S.W.2d 561, 567 (1935).... 'Before there can be a conditional sales contract there must be a binding, absolute obligation on the part of the buyer to pay the full amount of the purchase price.' [*Home Insurance Company v. Lomax*,] 17 Ariz.App. 520, [523,] 498 P.2d 594, 597[2] (1972).

*RCA Corp.*, 513 S.W.2d at 317.

In the instant case, there is no absolute obligation on the Debtors to purchase, pay for or assume title to the merchandise. Whether they become owners of the property is entirely at their option. Debtors may choose to continue making weekly lease payments until they acquire ownership rights in the property or they may cease making payments at any time and terminate the purchase agreement. Because the Debtors are not obligated by the terms of the rental purchase agreement to make payments until such time as the option to own arises, the agreement cannot be a conditional sale or a lease intended as security under § 400.1–201(37).

This holding and the rationale therefore is consistent with the position of courts in most jurisdictions. *See, In re Powers*, 138 B.R. 916, 921 (C.D.Ill.1992), (while section 1–201(37) does provide a conclusive test when a lease is intended as security, that test does not apply where the lessee has the right to terminate the lease before the option arises with no further obligation to continue paying rent, *citing, In re Marhoefer Packing Co., Inc.*, 674 F.2d 1139 (7th Cir.1982)); *In re Taylor*, 130 B.R. 849 (Bankr.E.D.Ark.1991); *In re Armstrong*, 84 B.R. 94 (Bankr.W.D.Tex.1988); *In re Blevins*, 119 B.R. 814, 817 (Bankr. N.D.Okla.1990) ("... the lessee is not required to make the payments but can, at any time, unilaterally terminate the agreement and return the property. This is the essence of a lease."); *In re Frady*, 141 B.R. 600 (Bankr.W.D.N.C.1991).

In addition to case law interpretation, Missouri statutes specifically provide for the existence and treatment of rental purchase agreements as leases. Missouri's Rental Purchase Agreement Law §§ 407.-660–407.665 delineates the requirements for creating such agreements and prohibits interpretation of such agreements as creating, among other things, a credit sale (§ 407.661(6)(a)) or a security interest (§ 407.661(6)(f)) [1]. National's rental purchase agreement complies with the requirements of § 407.661(6) for classification as a Missouri rental purchase agreement. Subsection (6)(f) of § 407.661 therefore precludes construction of National's agreement as a security interest under subdivision (37) of § 400.1–201.

This Court notes that one District has not adopted the "termination" or "walkaway" test relied on by this Court and those courts cited above in determining whether a transaction is a true lease or a disguised installment sale with a security interest. The Northern District of Alabama, Western Division rejects the termination test in favor of a multi-factor test designed to measure the intent of the parties. *See, In re Burton*, 128 B.R. 807, 813 (Bankr.N.D.Ala.1989) *aff'd* 128 B.R. 820 (D.N.D.Ala.1989), *In re Brown*, 128 B.R. 815 (Bankr.N.D.Ala.1989). According to these decisions the termination test is inappropriate because a consumer's right to terminate is essentially meaningless where the consumer must choose between continued payments or forfeiture of its merchandise. These decisions explain that because most rental purchase agreement consumers are unsophisticated and "on the lower economic rung of the ladder," (*In re Burton*, 128 B.R. at 814), they have no place else to go in order to purchase household furnishings. Thus, by focusing on the economic realities of the consumer and merchant, these decisions conclude that rental purchase agreements must be disguised sales rather than true leases.

This Court is not persuaded by the reasoning of such decisions. Were the docu-

---

**1.** Subsection (6)(f) states:
 A rental-purchase agreement shall not be construed to be nor be governed by any of the following ...

 (f) A security interest as defined in subdivision (37) of section 400.1–201(37) RSMo;

ments obfuscatory or Missouri's Rental–Purchase Agreement Law less clear, then perhaps the economic realities of the situation might compel a conclusion that the agreement was a disguised sale transaction. However, this is not the case. The agreement is clear and repeatedly indicates that the consumer is only leasing the merchandise. The agreement plainly states that the consumer acquires no ownership rights in the merchandise until after making all lease payments and further states that the consumer may cancel the agreement at anytime by ceasing weekly payments. Under these circumstances, the Court concludes that National's rental purchase agreement is in fact a true lease and not a conditional sale or lease intended as security. Accordingly,

IT IS ORDERED that the Objection to Confirmation of Plan by D.L. Cole & Associates, Inc. is SUSTAINED and confirmation of Debtors' Plan is DENIED.

IT IS FURTHER ORDERED that Debtors have 10 days from the date of this order to file their Amended Plan consistent with the determination of this Court that National's Rental Purchase Agreement is an executory contract.